# Exhibit B

SNYDER & SARNO, LLC
PAUL M. da COSTA, ESQ.
I.D. #042042003
425 Eagle Rock Avenue
Roseland, New Jersey 07068
(973) 274-5200
Attorneys for Plaintiff

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY

FEB 0 1 2016

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

| | |
|---|---|
| MELISSA C. FIORI-LACIVITA<br><br>Plaintiff,<br><br>v.<br><br>YLBE FRANCO-PALACIOS, M.D.,<br>JESSICA BALKEMA, D.O., LUCIANO J.<br>BISPO, M.D., RAMA D. KASTURY, D.O.,<br>SARA CLYMER, D.O., XXXXX HAWKINS,<br>M.D./D.O, XXXX SISKO, M.D./D.O, ERIC<br>BONIFIELD, M.D., KELLY LANNUTTI, D.O.,<br>JASON MEADE, D.O, MORTA VAISYTE,<br>R.N., NEKEYA GRAY, R.N., ANDREA<br>SAYRE, R.N., INSPIRA HEALTH<br>NETWORK, INSPIRA MEDICAL CENTER -<br>VINELAND, SOUTH JERSEY<br>HEALTHCARE REGIONAL MEDICAL<br>CENTER, John Does, M.D./D.O. 1-10<br>(representing presently unknown fellows,<br>residents, interns, and/or medical<br>students), Jane Does, M.D./D.O. 1-10<br>(representing presently unknown fellows,<br>residents, interns, and/or medical<br>students), John Does 1-10 (representing<br>presently unknown healthcare providers,<br>including but not limited to doctors,<br>nurses, technicians, etc.), Jane Does 1-10<br>(representing presently unknown health<br>care providers, including but not limited<br>to doctors, nurses, technicians, etc.) and<br>ABC Corporations 1-10 (representing<br>presently unknown facilities or entities<br>who rendered care to the plaintiff),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY: LAW DIVISION<br>DOCKET NO.: L-86-16<br><br>Civil Action<br>(Medical Malpractice)<br><br>**COMPLAINT AND JURY DEMAND,<br>DESIGNATION OF TRIAL COUNSEL,<br>REJECTION OF NOTICE OF<br>ALLOCATION, DEMAND FOR INSURANCE<br>COVERAGE, DEMAND FOR DOCUMENTS,<br>DEMAND FOR TRANSCRIPTION,<br>DEMAND FOR INTERROGATORIES AND<br>CERTIFICATION** |

1

<u>PARTIES</u>

1.    Plaintiff, Melissa C. Fiori-Lacivita, residing in Vineland, New Jersey, by way of Complaint against the Defendants, says:

<u>FIRST COUNT</u>

2.    On or about January 31, 2014, and for a period of time after this date, Plaintiff, Melissa C. Fiori-Lacivita, was a patient of Defendants, Ylbe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., Andrea Sayre, R.N., Inspira Health Network, Inspira Medical Center-Vineland and South Jersey Healthcare Regional Medical Center.

3.    At all times mentioned herein, Defendants, Ylbe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., and Andrea Sayre, R.N. were owners and/or actual and/or apparent agents, servants and/or employees of Defendants, Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center, John Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), Jane Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students) John Does 1-10 (representing presently unknown healthcare providers including but not limited to doctors, nurses, technicians, etc.; Jane Does 1-10 (representing presently unknown health care providers, including but not limited to doctors, nurses, technicians, etc.) and ABC Corporations 1-10 (representing presently unknown facilities or entities who rendered care to the plaintiff) and, as such, Defendants Inspira Health Network, Inspira Medical Center-Vineland and South Jersey Healthcare Regional Medical Center are responsible for any negligent acts committed by Defendants Ylbe Franco-Palacios, M.D.,

Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., and Andrea Sayre, R.N.

4.      During all relevant times, Plaintiff, Melissa C. Fiori-Lacivita, was treated and/or relied on the medical services provided by Defendants, Yibe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., Andrea Sayre, R.N., Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center, John Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), Jane Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), John Does 1-10 (representing presently unknown healthcare providers including but not limited to doctors, nurses, technicians, etc, Jane Does 1-10 (representing presently unknown health care providers, including but not limited to doctors, nurses, technicians, etc.) and ABC Corporations 1-10 (representing presently unknown facilities or entities who rendered care to the plaintiff).

5.      Defendants, Yibe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nekeya Gray, R.N. and Andrea Sayre, R.N. were employed by, on staff of, an actual and/or apparent agent, servant or employee of, director or shareholder of Defendants Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center, John Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), Jane Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), John Does 1-10 (representing presently unknown healthcare providers, including but not limited to doctors, nurses, technicians, etc.) Jane Does

3

1-10 (representing presently unknown health care providers, including but not limited to doctors, nurses, technicians, etc.) and ABC Corporations 1-10 (representing presently unknown facilities or entities who rendered care to the plaintiff).

6.     All Defendants aforesaid, their agents, servants and employees were negligent, careless and reckless and did deviate from accepted standards of medical practice in their performance of the January 31, 2014 cesarean section, post-operative care and treatment, interpretation of important tests and studies, and in the care and treatment given by them to Plaintiff. As a result of the deviations from accepted standards of practice of these Defendants, they did fail to properly and timely treat Plaintiff, diagnose Plaintiff and determine the true nature of Plaintiff's problem.

7.     As a result of Defendants' negligence, recklessness and carelessness, lack of skill, and deviation from accepted medical standards, Plaintiff did sustain severe, permanent, life threatening, life limiting and painful injuries, was obliged to undergo extensive medical treatment, incur great expense for medical and attendant care, was caused to suffer great physical and mental pain and anguish, was denied the lost opportunity for cure and lost past and future wages he otherwise would have earned, all of which will continue indefinitely into the future.

WHEREFORE, Plaintiff demands judgment for damages against these Defendants, together with interest and costs of suit.

## SECOND COUNT

8.     Plaintiff repeats each and every allegation of the prior count as if set forth herein at length.

9.     All the physicians, nurses and non-physicians referred to above were actual and/or apparent agents, servants or employees of Defendants Ylbe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O.,

4

Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., Andrea Sayre, R.N., Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center. Defendants are vicariously liable for their negligence in the treatment of Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against these Defendants, together with interest and costs of suit.

### THIRD COUNT

10.     Plaintiff repeats each and every allegation of the prior counts as if set forth herein at length.

11.     The Defendants Yibe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O, Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., Andrea Sayre, R.N., Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center, John Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), Jane Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), John Does 1-10 (representing presently unknown healthcare providers, , including but not limited to doctors, nurses, technicians, etc., Jane Does 1-10 (representing presently unknown health care providers, including but not limited to doctors, nurses, technicians, etc.) and ABC Corporations 1-10 (representing presently unknown facilities or entities who rendered care to the plaintiff) also failed to disclose to Plaintiff necessary information that would have enabled Plaintiff to consider, weigh and choose knowledgeably the options available regarding the care and treatment available to Plaintiff thereby precluding Plaintiff from being able to make an informed decision.

12.     As a result of that failure, Defendants were negligent and careless in the medical treatment that was rendered to Plaintiff and did deviate from accepted standards in rendering said medical care, and as a result of which Plaintiff Melissa C. Flori-Lacivita sustained serious,

painful and permanent injuries which caused Plaintiff Melissa C. Fiori-Lacivita to endure great pain and suffering, was caused to lose large sums of money for wages, was and is obligated to expend large sums of money for medical care and attention and has suffered a loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment for damages against these Defendants together with interest and costs of suit.

<u>FOURTH COUNT</u>

13.    Plaintiff repeats each and every allegation of the prior counts as if set forth herein at length.

14.    Defendants Yibe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D., D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N., Andrea Sayre, R.N., Inspira Health Network, Inspira Medical Center-Vineland, South Jersey Healthcare Regional Medical Center, John Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), Jane Does, M.D./D.O. 1-10 (representing presently unknown fellows, residents, interns, and/or medical students), John Does 1-10 (representing presently unknown healthcare providers, including but not limited to doctors, nurses, technicians, etc., Jane Does 1-10 (representing presently unknown health care providers, including but not limited to doctors, nurses, technicians, etc.) and ABC Corporations 1-10 (representing presently unknown facilities or entities who rendered care to the plaintiff) were also involved in the treatment of Plaintiff Melissa C. Fiori-Lacivita, and also deviated from accepted standards of practice and were negligent so as to cause the same injuries, damages and losses to the Plaintiff as set forth herein.

WHEREFORE, Plaintiff demands judgment for damages against these Defendants, together with interest and costs of suit.

**FIFTH COUNT**

15.    Plaintiff repeats each and every allegation of the prior counts as though set forth herein at length and made a part hereof.

16.    At all times that Plaintiff Melissa C. Fiori-Lacivita was a patient of the Defendants, none of the Defendants gave her all the information that a reasonably prudent person would want to have under the same circumstances in order to make informed decisions regarding Plaintiff Melissa C. Fiori-Lacivita's care and treatment.

**WHEREFORE**, Plaintiff demands judgment for damages against these Defendants, together with interest and costs of suit.

**SIXTH COUNT**

17.    Plaintiff repeats each and every allegation of the prior counts as though set forth herein at length and made a part hereof.

18.    Defendants Ylbe Franco-Palacios, M.D., Jessica Balkema, D.O., Luciano J. Bispo, M.D., Rama D. Kastury, D.O., Sara Clymer, D.O., XXXX Hawkins, M.D./D.O., XXXX Sisko, M.D./D.O., Eric Bonifield, M.D., Kelly Lannutti, D.O., Jason Meade, D.O., Morta Vaisyte, R.N., Nakeya Gray, R.N. and Andrea Sayre, R.N. were rendering obstetrical and gynecological care to Plaintiff Melissa C. Fiori-Lacivita in their capacities as attendings, fellows, residents, interns, and nurses.

**WHEREFORE**, Plaintiff demands judgment for damages against these Defendants, together with interest and costs of suit.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiffs reject any Notices of Allocation asserted by any Defendant, whether made pursuant to Rule 4:7-5 or otherwise.  Plaintiffs insist that the details upon which any claim of allocation is based be provided to Plaintiffs in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paul M. da Costa has been designated as trial counsel in the above matter.

## DEMAND FOR INSURANCE COVERAGE

In accordance with Rule 4:10-2, Defendants are demanded to provide a complete copy of their applicable liability insurance policies including any excess or umbrella policies, with declaration sheets, as well as the requisite Certifications regarding same pursuant to Rule 4:18-1(c) within fifty (50) days of service of this Complaint.

## DEMAND FOR DOCUMENTS

Plaintiffs demand that the Defendants, within thirty (30) days of service of this Complaint, each produce copies of their complete files regarding the Plaintiff and those documents requested in the attached Notice to Produce.

## DEMAND FOR TRANSCRIPTION

Plaintiffs demand that each Defendant produce a typed transcription of any and all of his/her handwritten office records and hospital records within thirty (30) days of service of the Complaint.

## DEMAND FOR INTERROGATORIES

Plaintiffs demands that Defendants answer Form C and C(3) interrogatories and the supplemental interrogatories attached hereto.

8

## HOSPITAL NOTICE TO PRODUCE

PLEASE TAKE NOTICE that, in accordance with Rule 4:18 of the Rules governing the Courts of New Jersey, Plaintiff hereby demands that you produce the following documents and permit them to be inspected and copied at the offices of SNYDER & SARNO, LLC, 425 Eagle Rock Avenue, Roseland, NJ 07068:

1.      A complete copy of all medical records for each admission of the Plaintiff to the Defendant hospital any time, including, but not limited to, inpatient, outpatient, emergency room, clinic, fetal monitor strips or any other type of records of any kind relating to the Plaintiff.

2.      A complete copy of any incident reports relating to Plaintiff.

3.      A complete copy of any reports of any reviews of any aspect of the care rendered to plaintiff, including, but not limited to, any Quality Assurance, Quality Control or similar committees, or any Morbidity, Mortality or similar committees.

4.      A complete copy of any records or reports forwarded to the Joint Commission on Accreditation related to the Plaintiff, including reports or records related to sentinel events.

5.      All records which disclose the name and last known address of every person who made any notation in the hospital chart for each admission of the Plaintiff to the Defendant hospital.

6.      All records which disclose the name and last known address of every person who rendered any care or treatment to Plaintiff for each admission of the Plaintiff to the Defendant hospital.

7.      The name and last known address of all persons employed by the Defendant hospital and who were assigned to, or caring for, the Plaintiff for each admission of the Plaintiff to the Defendant hospital.

8.      Names and last known addresses of all persons employed by the Defendant hospital who cared for the Plaintiff for each admission of the Plaintiff to the Defendant hospital.

9

9.     A complete copy of any and all protocols, policies, procedures or guidelines (as they existed in January of 2014 and at present) relating to the following departments or procedures of the Defendant hospital:

(a) Labor & Delivery;

(b) cesarean sections;

(c) post cesarean section care and treatment;

(d) Obstetrical Department;

10.    A copy of each and every protocol or other written procedure maintained by any department of the Defendant hospital which in any way relate to the treatment of Plaintiff.

11.    Any and all documentation relating to the notification of the Plaintiff or any representative of the Plaintiff of any "serious preventable adverse event" as defined by the Patient Safety Act, N.J.S.A. 26H: 2h-12.25 et seq. This request includes patient safety plans; reports; documentation and notification that Plaintiff was made aware of any and all adverse events that are relevant to the subject matter of this litigation as defined by the above referenced statute.

12.    Any and all documentation including all factual medical information that has not otherwise been provided in discovery.

13.    Any and all documentation regarding internal investigation of Plaintiff's medical condition relevant to the subject matter of this Complaint.

## HOSPITAL INTERROGATORIES

H1.    Identify all times periods when the Plaintiff was a patient at the Defendant hospital or institution.

H2.    Transcribe each and every statement of fact or history taken from the Plaintiff at the time of each admission of the Plaintiff to the hospital or institution answering these Interrogatories.

H3.    State the names, address, employer and occupation of each and every treating physician or medical practitioner who attended, observed, examined or treated the Plaintiff during each admission of the Plaintiff to the Defendant hospital or institution answering these Interrogatories.

H4.    State the name, address, employer and occupation of each and every person who made any notation on the hospital and medical record, and attach a copy of all hospital or medical records, without limitation, hereto.

H5.    State the name, address and occupation of all employees of the hospital or institution answering these Interrogatories who attended, observed, examined or treated the Plaintiff, and state the date (s) and time (s) of attendance, observation or examination.

H6.    Attach copies of each and every written document which relates in any way to any review or investigation of any medical procedure, examination, treatment or operation performed upon the Plaintiff while at the hospital or institution answering these Interrogatories.

H7.    For each review or investigation of any examination, treatment, medical procedure or operation performed upon the Plaintiff, state the name, address and occupation of each person who participated in such review, the reason for such review, all information considered by the parties conducting such review, and the conclusion of the parties conducting such review.

H8.    Was any incident report or other report of any kind ever filed with regard to the Plaintiff or any procedure performed on the Plaintiff while at the hospital or institution answering these Interrogatories? If so, state the name and address of the person who filed the report, the content and substance of the report, the date the report was filed, the name and address of the person with whom said report was filed, and attach copies of each and every report.

H9.    State whether any medical record or other document of any kind relating to the Plaintiff or the treatment of the Plaintiff has ever been removed, replaced, altered, changed, erased or otherwise adjusted. If so, attach a copy of the record prior to such replacement, alteration, change, erasure or adjustment and a copy of all versions of the record subsequent to such replacement (s), alteration (s), change (s), erasure (s) or adjustments (s).

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or a pending arbitration proceedings, nor is any other action or arbitration proceeding contemplated.  All parties known to Plaintiff at this time who should have been joined in this action have been joined.

SNYDER AND SARNO, LLP
Attorneys for Plaintiffs

Paul M. da Costa, Esq.

Dated:  January 28, 2016

12