IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MELISSA C. FIORI-LACIVITA, | |
| Plaintiff, | Civil No. 16-4445 (RBK/JS) |
| v. | **OPINION** |
| YLBE FRANCO-PALACIOS, M.D., *et al.* | |
| Defendants. | |

**THIS MATTER** comes before the Court on two motions for summary judgment against Plaintiff Melissa Fiori-Lacivita's claim of medical negligence. The first motion is Defendants' Motion for Summary Judgment [Doc. No. 46] to dismiss Defendants Jason Meade, Nekeya Gray, Kelly Lannutti, Sara Clymer, Rama Kastury, Tameka Sisco, and Anastasia Hawkins. The second motion is a Motion for Summary Judgment [Doc. No. 47] to dismiss Defendants Morta Vaisyte and Andrea Sayre. Both motions argue that Plaintiff has failed to adduce evidence required to claim medical negligence. For the reasons discussed below, this Court **GRANTS** the first Motion for Summary Judgment [Doc. No. 46], and **GRANTS** the second Motion for Summary Judgment [Doc. No. 47].

I.   BACKGROUND

This is a case about alleged medical negligence. On or about January 31, 2014, Melissa Fiori-Lacivita ("Plaintiff") entered Inspira Medical Center and underwent a cesarean section, sustaining a punctured bowel and additional injuries. Compl. [Doc. No. 3-1]. The instant matter

addresses two motions for summary judgment brought on behalf of various defendants who argue that Plaintiff has failed to provide expert evidence establishing a standard of care. [Doc. Nos. 46–7].

Defendants Jason Meade, Nekeya Gray, Kelly Lannutti, Sara Clymer, Rama Kastury, Tameka Sisco, and Anastasia Hawkins filed a Motion for Summary Judgment on August 28, 2018. "First MSJ" [Doc. No. 46]. On August 31, 2018, Defendants Andrea Sayre and Morta Vaisyte filed a similar Motion for Summary Judgment. "Second MSJ" [Doc. No. 47]. These motions both argue that a medical negligence action requires the Plaintiff to provide and serve expert reports. *Id.*

Defendants provide the Court's Amended Scheduling Order of March 27, 2018. [Doc. No. 38]. That Order instructed that all Plaintiff's expert reports and disclosures under Rule 26(a)(2) be served upon counsel for Defendants no later than July 31, 2018. *Id.* Defendants have also attached Plaintiff's expert reports and argue that these reports are not critical of the care and treatment rendered to Plaintiff by defendants Jason Meade, D.O., Nekeya Gray, RN, Kelly Lannutti, D.O., Sara Clymer, D.O., Rama Kastury, D.O., Tameka Sisco, D.O., and Anastasia Hawkins, D.O.. St. of Mat.'l Fact [Doc. No. 46-3] at 1.

Following the filing of the motions, the parties consented to stay discovery until all pending summary judgment motions[1] are heard. [Doc. No. 51]. The Court then granted Defendant's request to serve Defense expert reports after all pending motions for summary judgment have been decided, and then to extend discovery accordingly to permit expert depositions. *Id.*

---

[1] The Court will address the remaining motions for summary judgment brought by doctors Eric Bonifield and Luciano Bispo in a separate opinion.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir.2004) (quoting *Anderson,* 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1080 (3d Cir.1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

In the present case, Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922

F.2d 168, 175 (3d Cir.1990). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. *Id.*

In order to grant Defendants' unopposed motions for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, ... the district court must determine that the deficiencies in opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Assocs.,* 922 F.2d at 175. Additionally, pursuant to Local Civil Rule 56.1(a), Defendants' statements of material facts not in dispute, as to which Plaintiff has filed no objection and counter statement, is deemed undisputed for the purposes of these summary judgment motions.

### B. Medical Negligence

Generally, in malpractice actions, an expert must identify (1) an established standard of care, (2) how the defendant allegedly deviated from that standard, and (3) that the deviation proximately caused the injury. *Nicholas, supra,* 213 *N.J.* at 478 (quoting *Gardner v. Pawliw,* 150 *N.J.* 359, 375 (1997)); *see also Toy v. Rickert,* 53 *N.J.Super.* 27, 31–32 (App.Div.1958) (stating that except in limited circumstances such as areas of "common knowledge," the standard of care must be established by expert testimony). Thus, a plaintiff in a medical malpractice case "ordinarily is required to establish that the defendant's treatment or care fell below the standard established and recognized by the medical profession for the indicated condition of the patient, and the standard must be proven by expert medical testimony." *Terhune v. Margaret Hague Maternity Hosp.,* 63 *N.J.Super.* 106, 111 (App.Div.1960) (citing *Toy, supra,* 53 *N.J.Super.* at 32).

The motions currently before the Court focus on the first two prongs of this well-known test for medical negligence. Defendants do not attack the credibility of the opinions offered. Instead, they argue that the record is inadequate for Plaintiff to meet her burden. Therefore, the central issue before the Court is whether Plaintiff has made a *prima facie* showing of medical negligence against the moving defendants.

### III.   DISCUSSION

The current motions argue that Plaintiff has not met her burden in adducing evidence that Defendants deviated from the standard of care. Specifically, Defendants charge that Plaintiff's medical expert reports fail to address the standard of care of select defendants. To evaluate this claim, the Court examines the attached reports to determine if the Plaintiff meets her burden. Both motions at issue attach expert reports, which the Court now considers.[2] The Court will not consider the expert opinion of Katie Leon Guerrero, since it appears that Plaintiff has withdrawn her as an expert witness in the matter. *See* Ex E [Doc. No. 46].

**A. Plaintiff has not made a *prima facie* showing of medical negligence in the attached medical reports**

Pursuant to Local Rule 56.1(a), this Court views the Defendants' statements of material fact, as to which the Plaintiff has filed no objection, to be undisputed for the purposes of the summary judgment motions. As such, Defendants here represent that Plaintiff has served only two expert reports that bear on the issue of liability. *See* St. Mat'l Fact [Doc. No. 46].

---

[2] Rather than cross-reference each Report, the Court will cite them as attached in the First MSJ [Doc. No. 46].

Defendants further represents that the two reports do not bear on the care and treatment rendered by various defendants. *Id.* The Court therefore considers whether these reports raise a genuine issue of material fact regarding Defendants' deviation from the standard of care. The Court also considers additional evidence adduced by the non-moving Party pursuant to Rule 56(c)(1)(A) (explaining how a nonmovant creates a genuine issue of material fact).

### 1. Dr. Robert D. Odze

The report of Dr. Odze does not appear to indicate any standard of care on behalf of the moving Defendants here. Ex. B [Doc No. 46]. The short letter opinion indicates that the Dr. reviewed the operative report for the cesarean section and the report of Dr. Attia. The report discusses Plaintiff's physical condition and injury but does not mention any standard of care relevant to any moving Defendant. This report is therefore insufficient to show the standard of care for the Defendants at issue.

### 2. Dr. Richard L. Luciani

The report of Dr. Luciani describes the procedure and injuries sustained by the Plaintiff. Ex. C [Doc. No. 46]. Based on a review of the records and various depositions, Dr. Luciani concluded that Plaintiff's injury was the result of a "surgical mishap that occurred during performance of the c-section." *Id.* While Luciani discusses standards of care for the surgeon, he does not provide any standards of care for any of the registered nurses or doctors of osteopathy like the Defendants at issue. Instead, Dr. Luciani concludes that Dr. Palacios and Dr. Balkema deviated from standards of care. *Id.* This report is therefore insufficient to show the standard of care for the Defendants at issue.

### 3. Additional Evidence in the Record

Plaintiff has not adduced any additional evidence and presented it to this Court for consideration. *See Mottola v. City of Union City*, No. 05-3964, 2007 WL 2079939, at *2 (D.N.J. July 17, 2007) ("[A] plaintiff must produce expert testimony both defining the recognized standard of care, skill and knowledge, as well as the departure therefrom."). Additionally, Plaintiff has withdrawn Katie Leon Guerrero as an expert witness. Given Ms. Guerrero's focus on the standard of care of the Defendant nurses, Plaintiff provides no additional evidence to make a *prima facie* claim for medical negligence against the Defendant nurses.

Finally, the Court notes that it is not the job of a federal district court to canvass the record when the Plaintiff refuses to instruct the Court to places in the record that support his or her position. *See Benjamin v. State Farm Ins. Co.*, No. 15-4123, 2017 WL 3535023 at n.1 (D.N.J. Aug. 17, 2017) ("It is not the Court's obligation . . . to comb the extensive record of this case to identify a material factual dispute where the party opposing summary judgment has not done so under Local Rule 56.1(a)"). As such, the Court finds for the Defendants and dismisses them from the litigation.

IV. **CONCLUSION**

For the reasons discussed above, the Court hereby **GRANTS** the Defendants' Motion for Summary Judgment [Doc. No. 46] with respect to Defendants Jason Meade, Kelly Lannutti, Sara Clymer, Rama Kastury, Tameka Sisco, Nekeya Gray, and Anastasia Hawkins. The Court relatedly **GRANTS** Defendants' Motion for Summary Judgment [Doc. No. 47] with respect to Defendants Morta Vaisyte and Andrea Sayre. A corresponding Order will follow.

Dated: 1/09/2019　　　　　　　　　　　　　　　　　　s/ Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER

United States District Judge